UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| JED M. KOHNEN,<br><br>   Plaintiff,<br><br> v.<br><br>CAROLYN W. COLVIN,<br><br>   Defendant. | Case No. 13-cv-03893-NJV<br><br>**ORDER RE CROSS MOTIONS FOR SUMMARY JUDMENT**<br><br>Re: Dkt. Nos. 19, 20 |

## INTRODUCTION

Jed Kohnen seeks judicial review of an administrative law judge ("ALJ") decision denying his disability insurance (Title II) benefits. Doc. No. 19. Kohnen's request for review of the administrative law judge's decision was denied by the Appeals Council. *See* Administrative Record ("AR") 1-7. The decision thus is the "final decision" of the Commissioner of Social Security, which this court may review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Both parties have consented to the jurisdiction of a magistrate judge. Doc. Nos. 4 & 15. The court therefore may decide the parties' cross-motions for summary judgment.

For the reasons stated below, the court will grant in part Kohnen's motion for summary judgment, and will deny Defendant's motion for summary judgment.

## LEGAL STANDARDS

The Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). A district court has a limited scope of review and can only set aside a denial of benefits if it is not supported by substantial evidence or if it is based on legal error. *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence

as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 979 (9th Cir. 1997). "In determining whether the Commissioner's findings are supported by substantial evidence," a district court must review the administrative record as a whole, considering "both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). The Commissioner's conclusion is upheld where evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## DISCUSSION

### I. THE FIVE STEP SEQUENTIAL ANALYSIS FOR DETERMINING DISABILITY.

A person filing a claim for social security disability benefits ("the claimant") bears the burden of proving his disability. 20 C.F.R. § 404.1512(a). The claimant must show that he has the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment" which has lasted or is expected to last for twelve or more months. *Id*. § 404.1505. The ALJ must consider all evidence in the claimant's case record to determine disability (20 C.F.R. § 404.1520(a)(3)), and must use a five-step sequential evaluation to determine whether the claimant is disabled (20 C.F.R. § 404.1520). "[T]he ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983).

Here, the ALJ evaluated Kohnen's application for benefits under the required five-step sequential evaluation (AR 16-32):

At Step One, the claimant bears the burden of showing he has not been engaged in "substantial gainful activity" ("SGA") since the alleged date the claimant became disabled. 20 C.F.R. § 404.1520(b). If the claimant has worked and the work is found to be SGA, the claimant will be found not disabled. *Id*. The ALJ found that Kohnen had engaged in SGA since May 15, 2008, the date Kohnen alleges he became disabled, and thus found that Kohnen was not disabled. AR 16, 18-19. The ALJ nonetheless proceeded with the five-step sequential evaluation. AR 19 ("Despite the fact that the claimant testified that he is engaging in SGA, the undersigned will continue with the disability adjudication analysis even though the claimant would already be

considered not disabled at this step").

At Step Two, the claimant bears the burden of showing that he has a medically severe impairment or combination of impairments. 20 C.F.R. § 404.1520(c). A "severe" impairment is one defined as significantly limiting physical or mental ability to do basic work activity. *Id*. The ALJ found that Kohnen had several severe impairments: complex regional pain syndrome, degenerative disc disease of the cervical spine, left C6 radicular pain, left rotator cuff tendinopathy, pain disorder, neuritis of the left wrist medial nerve, and anxiety disorder. AR 19.

At Step Three, the ALJ compares the claimant's impairments to a listing of impairments in 20 C.F.R. pt. 404, subpt. P, app. 1. *See* 20 C.F.R. § 404.1520(d). The claimant bears the burden of showing his impairments meet or equal an impairment in the listing. *Id*. If the claimant is successful, a disability is presumed and benefits are awarded. *Id*. If the claimant is unsuccessful, the ALJ assesses the claimant's residual functional capacity ("RFC") and proceeds to Step Four. 20 C.F.R. § 404.1520(e). Despite finding a number of severe physical conditions, the ALJ only analyzed whether Kohnen's mental impairments met the criteria for listing 12.06. AR 19-21. The ALJ found that Plaintiff did not meet the criteria for listing 12.06 and accordingly found that Kohnen was not entitled to a presumption of disability. The ALJ thus proceeded to analyze Kohnen's RFC. While the ALJ found that Kohnen had objectively identifiable, medically determinable impairments that reasonably could have expected to produce the pain and other subjective complaints Kohnen alleged, the ALJ found that Kohnen's allegations regarding the level of pain and complaints were not fully credible. AR 25. After discounting Kohnen's reports of pain and subjective complaints, the ALJ found that Kohnen retained the RFC to perform light work with postural limitations, could perform simple tasks, could make simple work-related decisions with few workplace changes, and could maintain occasional interaction with coworkers and the public. AR 21.

At Step Four, the claimant bears the burden of showing he does not have sufficient RFC to perform past relevant work due to his impairments and/or limitations. 20 C.F.R. § 404.1520(e). The ALJ found that Kohnen could perform his current work as a courier, and thus was not under a disability.

1     At Step Five, the burden shifts to the Commissioner to show that the claimant can perform some other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(f). In Kohnen's case, the ALJ did not proceed to this Step due to her finding of non-disability at Step Four.

## II. THE PARTIES' ARGUMENTS ON APPEAL.

Kohnen argues that the ALJ's decision should be reversed on two grounds. Doc. No. 19. First, he argues that the ALJ erred in finding that his work as a courier constituted SGA, and erred in finding (alternatively) that he retained the RFC to perform that work. Second, he contends that the ALJ erred in failing to make specific clear and convincing credibility findings. Plaintiff contends that his case should be reversed with an order for immediate payment of benefits, or in the alternative, reversed and remanded for further administrative proceedings.

Defendant argues that the ALJ correctly found at Step One of the sequential evaluation that Plaintiff's work consisted of SGA and thus that Plaintiff was not disabled. Defendant declines to address Plaintiff's remaining arguments because they are "not properly before the Court. While the ALJ proceeded through steps two and five, she expressly based her finding of no disability on the fact that Plaintiff was performing [SGA], as required by the Commissioner's regulations." Doc. No. 20 at 7 n.3.

## III. RELEVANT EVIDENCE.

The dispositive issue on appeal is whether Kohnen's work as a courier constitutes SGA.

At his hearing before the ALJ, Kohnen testified that his courier job requires him to drive about four hours out of a seven-hour workday, or approximately 125 miles. AR 55. He works full-time, as a contractor, and earns a gross income of $1,700 a month. AR 56. He rents a car to perform his job. *Id*. It is "very difficult to drive," and he does so with only his right hand because he has problems grasping objects with his left hand. AR 65, 71. Kohnen leaves for work around 12:45 p.m. and works through the afternoon. He drives in ten minute increments and takes a break whenever his pain increases, then he stretches a bit before resuming driving. AR 69. He works until 8:00 p.m. AR 70. Kohnen has to work because, in the four years since the accident that left

4

1  him disabled, he and his wife have had to sell everything they own in order to support themselves
2  and their infant son; because Kohnen cannot physically take care of his child, his wife must do so,
3  and he must earn money. AR 74. At the time of the hearing before the ALJ, Kohnen had worked
4  as a courier for more than six months. AR 56.

5  Kohnen takes ibuprofen for his pain during the day, and takes anti-depressant medication
6  at night as well as nerve-pain medication. AR 65-66; *see also* AR 274.

7  In his written statement to the ALJ, Kohnen explained in greater detail how his condition
8  affects his ability to perform his work as a courier. *See* AR 285-288. He starts work one hour
9  early and, as he testified at the hearing, breaks his day down in ten minute increments. He uses a
10  neck pillow and tries not to use his left hand unless safety requires him to do so. He has been
11  warned repeatedly for being late and is on probation. He would not be able to perform his job
12  without the good will of his work mates or the help of his wife at the end of the day. AR 285.

13  Kohnen submitted a breakdown of his job-related expenses after the hearing. AR 289. He
14  represented spending $540 monthly for gas; $135 for insurance; $200 to lease his car; and $10 on
15  other supplies. After these job-related expenses, his monthly (gross) income is $815. *Id*.

## IV. ANALYSIS.

### A. The ALJ erred at Step One of the Sequential Evaluation Analysis.

The substance of the ALJ's SGA analysis is as follows:

> The claimant has engaged in [SGA] since February 1, 2011. . . . Generally, if an individual has earnings from employment or self-employment above a specific level set out in the regulations, it is presumed that he has demonstrated the ability to engage in SGA. If an individual engages in SGA, he is not disabled regardless of how severe his physical or mental impairments are and regardless of his age, education and work experience. The claimant testified at the hearing that he has been working as a courier. . . The claimant further testified that the position is full time and he earns $1,700 per month gross. He claimed that he would not be able to handle the job if it was not for the extra assistance provided by his coworkers and the extra time he gave himself to complete his work.

AR 18-19.

The ALJ correctly notes that the Social Security Administration applies a presumption of substantial gainful employment if a claimant earns more than a specified amount. *See Keyes v.*

1   *Sullivan*, 894 F.2d 1053, 1056 (9th Cir. 1990); *see also* 20 C.F.R. § 404.1574(b)(2) (SGA test for
2   employees); 20 C.F.R. § 404.1575(b)(2) (SGA test for self-employed claimants).  When Kohnen
3   worked as a courier in 2011, the specified SGA amount was $1,000.  Doc. No. 20 at 3.  If Kohnen
4   earned $1,700 per month, he earned substantially above the $1,000 threshold, and his job would be
5   presumed to be SGA.  Unless Kohnen rebutted that presumption, Kohnen properly would be
6   found not disabled at Step One of the sequential evaluation analysis.  *Keyes*, 894 F.2d at 1056.

   **1. The ALJ erred in failing to analyze whether Kohnen was a self-employed and thus entitled to deduct his expenses from his income in the SGA analysis.**

9   Kohnen testified at the hearing that he performed his position as a "contractor."  AR 56.
10  As a self-employed contractor, Kohnen would be entitled to deduct his work-related expenses
11  from his monthly income before including that income in the SGA calculation.  *See* 20 C.F.R.
12  404.1575(c)(1) ("We deduct your normal business expenses from your gross income to determine
13  net income. Once we determine your net income, we deduct the reasonable value of any
14  significant amount of unpaid help furnished by your spouse, children, or others").  The record
15  establishes that Kohnen has work-related expenses.  For example, Kohnen testified that he rented a
16  car from his father to perform his job (AR 56); and after the hearing, he submitted evidence that
17  his monthly work-related expenses amount to $765 (AR 289).  Were his work-related expenses to
18  be deducted from his income, Kohnen's monthly income would be reduced to $815 -- significantly
19  below the $1,000 SGA threshold for 2011.

20  However, at no point during the hearing or in her decision did the ALJ address Kohnen's
21  classification as an employee or as a self-employed contractor.  *See* AR 18-27, 51-83.  Kohnen
22  argues that the ALJ's failure to address this issue when finding that he engaged in SGA constitutes
23  reversible error.  Doc. No. 19 at 13-14.  In her opposition, Defendant accuses Plaintiff of
24  "spin[ning]" his testimony and "mischaracterizing the evidence" (Doc. No. 20 at 3), and injects
25  into the ALJ's decision reasoning that is patently absent from it (Doc. No. 20 at 4).  The court has
26  reviewed the evidence and the testimony, and finds no spinning or mischaracterization.  Contrary
27  to Defendant's argument (Doc. No. 20 at 4-7), the ALJ never concluded that Plaintiff was an
28  employee.  While the ALJ was not required to adopt Plaintiff's self-characterization as a

contractor (Doc. No. 20 at 6), she was required to develop the record on the issue once it was raised. *See Brown*, 713 F.2d at 443 ("[T]he ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered"). The ALJ's duty here was heightened because Kohnen was unrepresented at the hearing. *See Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985) (when a claimant is unrepresented, the ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts"). The ALJ erred in failing to develop the record as to whether Kohnen was a contractor and thus allowed to deduct his work-related expenses from his monthly income for purposes of calculating SGA. The ALJ's finding that Kohnen was engaged in SGA thus was not supported by substantial evidence. Finally, the court will not accept Defendant's invitation to read into the ALJ's decision reasoning that was absent from that decision. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ -- not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking") (citations omitted).

### 2. The ALJ erred in failing to analyze whether Kohnen could rebut the earnings presumption.

A claimant who earns more than the specified SGA amount nonetheless may rebut a presumption based on earnings with evidence of his inability to perform the job well, without special assistance, or for only brief periods of time. *Keyes*, 894 F.2d at 1056; *see also* 20 C.F.R. §§ 404.1473(b)-(e) (in addition to income earned, ALJs can look to the following considerations to determine if work performed is SGA: (1) how well the person is able to perform the work; (2) special conditions under which the work is performed; and (3) self-employment). Here, Kohnen testified that he could perform his job only by starting one hour early and taking breaks every ten minutes because of his pain (AR 69) and by driving with only his right hand unless safety conditions demanded he use both hands (AR 65). Kohnen also explained that he received help from co-workers and from his wife and could not perform his work otherwise. AR 285.

The ALJ acknowledged Kohnen's testimony that "[h]e claimed that he would not be able

to handle the job if it was not for the extra assistance provided by his coworkers and the extra time he gave himself to complete his work." AR 19. Despite acknowledging this issue, the ALJ failed to analyze how well Kohnen performed his work or what special conditions he worked under to perform his job. These facts are directly relevant to determining whether Kohnen was performing SGA. *See, e.g., Gaffney v. Chater*, 1999 U.S. App. LEXIS 5914, *8-*10 (9th Cir. 1999) (record established that claimant received "substantial assistance" from coworkers and supervisor, and that "basic skills required" of claimant's job were not expected of her); *White v. Astrue*, 2011 U.S. Dist. LEXIS 79960, *16 (N.D. Cal. July 22, 2011) (finding claimant had performed SGA but noting that a claimant could rebut presumption of SGA if "for example, the claimant does not adequately perform the job or his job is only maintained with substantial assistance, the presumption may be rebutted").

Defendant argues that any error by the ALJ was harmless because Plaintiff "does not even argue that he did not satisfy any of the three tests set forth in 20 C.F.R. section 404.1575." Doc. No. 20 at 7. Another court in this district has rejected Defendant's argument:

> Defendant argues that an earnings estimation is not the exclusive guideline in determining whether a work activity constitutes SGA and, therefore, the ALJ properly determined plaintiff's PRW. Apart from the limited information concerning the amount of time plaintiff spent working, however, the record is silent as to the other relevant factors. *See* 20 C.F.R. § 416.973-416.976 (1995) (listing factors); *Keyes v. Sullivan*, 894 F.2d 1053, 1056 (9th Cir. 1990) (same). Moreover, although it is true that the plaintiff bears the initial burden of proof to establish that he could not perform the duties of his past relevant work, the ALJ has an equally pressing duty to fully develop the record and base his decision on substantial evidence. *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996); *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). The existence of plaintiff's initial burden of proof does not relinquish the ALJ from this duty

*Larson v. Chater*, 1996 U.S. Dist. LEXIS 18691, *7-*8 (N.D. Cal. Dec. 9, 1996); *see also Griggs v. Astrue*, 170 Soc. Sec. Rep. Serv. 493, *12 (E.D. Cal. Sept. 30, 2011) ("At the administrative hearing in this case plaintiff presented evidence that can be fairly characterized as rebutting the SGA presumption… Yet, the ALJ's brief treatment of the issue, set forth in its entirety above, did not address that evidence. Accordingly, the ALJ failed to apply the correct legal standards in finding that plaintiff had engaged in substantial gainful activity").

The SGA income "guidelines are only a presumption and 'do not relieve an ALJ of the duty to develop the record fully and fairly.'" *Corrao v. Shalala*, 20 F.3d 943, 948 (9th Cir. 1994) (quoting *Dotson v. Shalala*, 1 F.3d 571, 576 (7th Cir. 1993)). For the same reasons the court already discussed above, the ALJ did not meet her duty to develop the record fully and fairly here. As her questioning during the hearing and her terse discussion in her decision demonstrate, the ALJ did not give Kohnen the opportunity to rebut the SGA presumption. This was error. *Cf. Hart v. Sullivan*, 824 F. Supp. 903, 907 (N.D. Cal. 1992) (ALJ fulfilled duty to develop record where he did not rely solely on presumption of SGA and gave plaintiff and his counsel "a fair opportunity to bring forward any relevant evidence at the hearing").

The court finds that (1) the ALJ's finding that Kohnen engaged in SGA was not supported by substantial evidence; (2) the ALJ legally erred in failing to develop the record as to Kohnen's employment classification and his ability to rebut the SGA presumption; and (3) the error was not harmless since the ALJ based her finding of non-disability at Step One on her finding that Kohnen engaged in SGA. Accordingly, the court grants in part Kohnen's motion for summary judgment and remands the case for further administrative proceedings.

**B. Defendant has conceded Plaintiff's remaining arguments.**

Defendant declined to address Plaintiff's remaining arguments because the ALJ had based her disability decision at Step One of the sequential evaluation analysis. *See* Doc. No. 20 at 7 n.3. The ALJ did not stop her analysis at Step One; on the contrary, she proceeded to evaluate Kohnen's application through Step Four. AR 19-27. At Step Four, the ALJ found Kohnen not disabled because he could perform his "past" relevant work as a courier. AR 27. Defendant provides no authority to support her argument that the court should ignore the last eight pages of the ALJ's decision, and the court finds that Defendant's position is not well-taken.

This being the case, Defendant has conceded the following arguments: (1) the ALJ did not make offer "clear and convincing reasons" for discounting Kohnen's credibility; (2) the ALJ did not properly evaluate the lay testimony of Kohnen's father and of his therapist; and (3) the ALJ did not properly evaluate Kohnen's RFC. *See* Doc. No. 19. However, the court finds that remand for further administrative proceedings to address these issues is proper, rather than remand for an

9

1 immediate award of benefits.

## CONCLUSION

As discussed above, the court finds that further development and evaluation of the record is necessary. The court accordingly grants Kohnen's motion for summary judgment in part and remands the case to the SSA for further proceedings consistent with this order. Upon remand, the ALJ shall develop the record and evaluate whether (1) Kohnen was self-employed as a courier; (2) Kohnen's work-related expenses should be deducted from his earnings for purposes of calculating SGA; (3) Kohnen's adjusted earnings constitute SGA; (4) Kohnen can rebut the SGA presumption; and (5) Kohnen's work as a courier qualifies as past relevant work at Step Four of the sequential evaluation analysis. In addition, if the ALJ discounts Kohnen's pain and symptoms testimony, she must offer clear and convincing reasons, supported by the evidence in the AR, for doing so. The ALJ also shall properly evaluate any lay testimony in the record. Finally, the ALJ shall re-evaluate Kohnen's RFC.

The court denies Defendant's cross-motion for summary judgment.

The Clerk of the Court is directed to close the case.

**IT IS SO ORDERED**.

Dated: June 6, 2014

NANDOR J. VADAS
United States Magistrate Judge